# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ERIC LEON CHRISTIAN,

    Plaintiff,

 vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No.: 2:24-cv-00836-GMN-DJA

**ORDER DENYING MOTION TO STRIKE NOTICE OF VOLUNTARY DISMISSAL**

   Pending before the Court is Plaintiff Eric Leon Christian's Motion to Strike, (ECF No. 6), his Notice of Voluntary Dismissal, (ECF No. 4), which the Court construes as a motion to reopen the case. The Court has reviewed Plaintiff's Motion and finds that reopening this closed case is not warranted. Accordingly, the Court **DENIES** Plaintiff's Motion to Strike and **DENIES as moot** his Motion Demand for Judgment, (ECF No. 10).

   Plaintiff filed a Notice of Voluntary Dismissal, requesting the Court dismiss this action "because the Clerk of Court started this case without my knowledge or consent, which is identity theft." (Not. Voluntary Dismissal at 1). The Court then terminated this action pursuant to Plaintiff's Notice. Two weeks later, he filed his Motion to Strike, requesting the Court reopen this case because his Notice of Voluntary Dismissal was "inaccurate." (Mot. Strike at 1).

   Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides an action may be voluntarily dismissed without a court order through the filing of "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgement." "[A] voluntary dismissal . . . is a judgment, order or proceeding from which Rule 60(b) relief can be granted." *In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995). Rule 60(b) provides that on motion and just terms, the Court may relieve a party or its legal representative from a final judgment,

order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. Pro. 60(6).

"While Plaintiff may seek relief under Rule 60(b), he must provide a reason for doing so." *Boyd v. Martin*, No. 2:23-cv-01082, 2023 WL 8369472, at *1 (W.D. Wash. Dec. 4, 2023). Despite Plaintiff's previous statement, he has not. Because Plaintiff does not offer a legally justifiable reason to support reopening the case, the Court DENIES his Motion to Strike. The Court advises Plaintiff that as he "voluntarily dismissed his complaint *without prejudice*, he is free to file a new complaint . . . ." *Williams v. King Cnty. Dist. Atty's Office*, No. 1:18-cv-00416, 2023 WL 4086445, at *1 (E.D. Cal. June 20, 2023). The Court further notes that Plaintiff may not need to file a new action because he has two other cases currently pending before the Court that are based on the same facts and assert the same cases of action as this case. *See Christian v. United States et al.*, No. 2:24-cv-00848-JAD-MDC and *Christian v. United States of America*, No. 2:24-cv-00842-CDS-BNW.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike, (ECF No. 6), is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's Motion for Demand for Judgment, (ECF No. 10), is **DENIED as moot**.

**DATED** this __28__ day of October, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT